# Legal Services of the Hudson Valley
*Protecting Rights Promoting Justice*

**WESTCHESTER**
90 Maple Avenue
White Plains, NY 10601
914-949-1305
914-949-6213 Fax

30 South Broadway
Yonkers, NY 10701
914-376-3757
914-376-8739 Fax

100 East First Street
Suite 810
Mount Vernon, NY 10550
914-813-6880
914-813-6890 Fax

One Park Place
Suite 202
Peekskill, NY 10566
914-402-2192
914-402-5185 Fax

**DUTCHESS**
One Civic Center Plaza
Suite 506
Poughkeepsie, NY 12601
845-471-0058
845-471-0244 Fax

**ULSTER**
550 Aaron Court
Kingston, NY 12401
845-331-9373
845-331-4813 Fax

**ORANGE**
59 Windsor Hwy
New Windsor, NY 12553
845-569-9110
845-569-9120 Fax

60 Erie Street
Suite 201
Goshen, NY 10924
845-495-4305
845-360-5038 Fax

**SULLIVAN**
457 Broadway, Suite 19
Monticello, NY 12701
845-253-6652
845-428-7099 Fax

**ROCKLAND**
502 Airport Executive Park
Nanuet, NY 10954
845-476-3831
845-352-0832 Fax

November 3, 2025

**Via CM/ECF**
Honorable Kenneth M. Karas
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

Re: Harrison v. Buck Letter Motion to Dismiss, 7:24-cv-05591-KMK
Mkrtchyan et al. v. Orange County, New York et al., 7:23-cv-10770-KMK
Pini et al, v. County of Sullivan, 7:25-cv-0219-KMK

Dear Judge Karas:

We represent William Harrison and Monique Harrison. Defendants Nancy Buck and County of Sullivan filed a letter motion to dismiss in this matter on Tuesday October 28, 2025. Defense counsel had previously filed a similar letter motion to dismiss this case in unrelated case, *Mkrtchyan et al. v. Orange County, New York et al.*, 7:23-cv-10770-KMK on October 17, 2025.

I will be away from my office from November 4th to November 18th, 2025 with no access to client files. I would like to amend the complaint four weeks after my return to the office, December 17, 2025. I plan to review the documents filed in *Mkrtchyan et al. v. Orange County, New York et al.*, 7:23-cv-10770-KMK, and *Pini et al, v. County of Sullivan*, 7:25-cv-0219-KMK to confirm how much the plaintiffs have in common.

I therefore request six weeks to file an amended complaint in this matter to clarify the issues raised in the letter motion to dismiss. If this request for time to amend is denied, Plaintiffs assert those defenses articulated by the *Mkrtchyan* Plaintiff's on October 24th, 2025 in the identical motion filed by Sullivan County in that case on October 17, 2025. The Plaintiffs in this case agree with the *Mkrtchyan* Plaintiffs that (1) Sullivan County has lost on the exact issues raised in the

LSC | America's Partner for Equal Justice
LEGAL SERVICES CORPORATION

The Honorable Kenneth M. Karas
November 4, 2025
P a g e | 2

present Letter Motion to Dismiss, and (2) there are questions of law that need to be answered as a preliminary matter before a motion to dismiss should be considered, and (3) the Defendants have already filed a motion to dismiss this case and Plaintiff's would like to amend the complaint after researching the issues raised in the present Letter Motion to Dismiss.

The Harrison's also refute Defendants' contention that the Tax Injunction Act or Comity applies because they do not challenge Sullivan County's tax procedures. Instead, the Harrisons assert that Sullivan County and Nancy Buck used the color of law to deprive them of their First Amendment right to grieve the government about discrimination that ultimately caused their property to be seized by Sullivan County pre-*Tyler*. The tax assessment issues were articulated in further support of the need to grieve the government and the unusual ways used to prevent them from articulating those grievances.

The Seizure of the equity in Plaintiff's home was accompanied by further discrimination. The Harrisons have reason to believe that Sullivan County and Nancy Buck improperly used local tax collection procedures to displace elderly homeowners, non-white homeowners, female homeowners and low net-worth homeowners. Immediately after the *Tyler* decision, Sullivan County informed the Harrisons and other interested parties that auction proceeds would not be available for about 18 months because Sullivan County had already incorporated it in the next budget. They were further told that there were no forms to request the surplus and if any further attempts were made to request the surplus, then the Sullivan County Sherriff would be called to handle the grievance. This would be the third time that their grievance about tax discrimination would was referred to law enforcement instead of a civilian body.

For these reasons, and all those raised by the *Mkrtchyan* Plaintiffs, we respectfully ask this court to deny the pending letter motion to dismiss.

The Honorable Kenneth M. Karas
November 4, 2025
P a g e | 3

                                           Respectfully Submitted,
                                Legal Services of the Hudson Valley

By:

The Amended Complaint is due 12/5/25. No extensions.

So Ordered
11/5/25

                                                 s/ Tanya Dwyer
                                      Tanya P. Dwyer, Esq. (2845)
                                         *Attorneys for Plaintiffs*
                                       One Park Place, Suite 202
                                            Peekskill, NY 10566
                                                 914-368-2489
                                              TDwyer@LSHV.org

CC: all counsel of record via ECF